# 𝔘nited 𝔖tates 𝔇istrict 𝔔ourt

## for the 𝔑orthern 𝔇istrict of 𝔒klahoma

---

Case No. 24-cv-326-JDR-MTS

---

Eric Lee Steiert,

*Plaintiff*,

*versus*

Frank Bisignano[1], *Commissioner of the Social Security Administration*,

*Defendant*.

---

## OPINION AND ORDER

---

Defendant Commissioner of the Social Security Administration determined that Plaintiff Eric Lee Steiert is not disabled. Dkt. 20 at 1.[2] After an Administrative Law Judge denied his claim, Mr. Steiert appealed to this Court, which referred the appeal to Magistrate Judge Steele. *Id.* In his Report and Recommendation, Judge Steele has recommended this Court affirm the ALJ's ruling. *Id.* Mr. Steiert objects to the recommendation. Dkt. 21. For the reasons stated below, the Court overrules the objection, adopts the Report, and affirms the ALJ's findings.

I

Mr. Steiert suffers from major depressive disorder, post-traumatic stress disorder, and panic disorder, which cause him panic attacks, suicidal ideations, and obsessions. Dkt. 10 at 1-2. Rebekah Mackey, APRN, opined that Mr. Steiert "would not be able to perform at a consistent pace without

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this case.

[2] All citations use CM/ECF pagination.

No. 24-cv-326

an unreasonable number or length of rest periods 50% of the time or greater in a work setting" due to his conditions, and that he would struggle with other basic workplace functions, such as taking instructions or interacting with coworkers. *Id.* at 3-4.

Mr. Steiert applied for supplemental income benefits based on Ms. Mackey's opinion. *Id.* at 4. The application was denied, and Mr. Steiert appealed. *Id.* The ALJ found that, although Mr. Steiert suffers from severe impairments, he was not disabled because he can perform "medium work" and work at a job "that exist[s] in significant numbers in the national economy." *Id.* at 4-5.

Mr. Steiert appealed the ALJ's decision to this Court, arguing that the ALJ failed to apply the appropriate legal standards, insufficiently considered Ms. Mackey's report, and improperly performed a subjective symptom analysis. *Id.* at 5-15. The Court referred this matter to Magistrate Judge Steele, who issued a Report recommending the Court deny the appeal. Dkt. 20.

II

Mr. Steiert raises five objections. Dkt. 21. Although procedurally required to object to Judge Steele's report, most of his challenges concern the ALJ's determination. First, he argues that the ALJ failed to sufficiently explain her decision. *Id.* at 2-3. Second, he argues the ALJ failed to sufficiently articulate why she found Ms. Mackey's medical opinion was unpersuasive and that the Report did not analyze sufficient evidence to resolve his objection. *Id.* at 3-4. Third, he argues that the ALJ's analysis of Mr. Steiert's interaction limitations was not based on substantial evidence. *Id.* at 5-8. Fourth, he objects that the ALJ did not give sufficient articulation of her analysis of medical evidence regarding Mr. Steiert's ability to concentrate at work. *Id.* at 9. Last, he argues that the ALJ's subjective symptom analysis was improper. *Id.* at 9-10. The Commissioner responds that Mr. Steiert has waived these objections by not identifying any errors that Judge Steele committed. Dkt. 22

No. 24-cv-326

at 1. He also argues that Mr. Steiert's objections lack merit. *Id.* at 2-4. The Court holds that Mr. Steiert has waived all but one of his objections, overrules Mr. Steiert's remaining objection, and adopts the Report.

### A

When challenging a report and recommendation, a plaintiff must "explain[] how *the magistrate judge's* recommendations conflict[] with governing law" and provide "meaningful notice as to the particular factual or legal errors *the magistrate judge* allegedly committed." *Wofford v. Colvin*, 570 F. App'x 744, 745-46 (10th Cir. 2014) (emphasis added). The Commissioner asserts that Mr. Steiert has failed to satisfy this obligation as "it is not entirely clear what [Mr. Steiert's] objections are to [Judge Steele's] analysis" and consequently Mr. Steiert "has failed to identify the particular errors [Judge Steele] committed." Dkt. 22 at 1 (quoting *Wofford*, 570 F. App'x at 746 (quotation marks removed)).

"[A] party's objections to the magistrate judge's report and recommendation must be . . . specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review." *Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007). To properly object, a party "must raise specific arguments addressing purported errors in the recommendation" itself, not simply those in the ALJ's opinion. *Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020).

If a party fails to make an appropriate objection to a report and recommendation, its claims are waived. *One Parcel*, 73 F.3d at 1060. Once a claim is waived, the district court is not required to review the report de novo to determine the claim's validity, although it may do so of its own discretion. *Thomas v. Arn*, 474 U.S. 140, 154 (1986). If it does not grant de novo review,

3

No. 24-cv-326

the district court reviews the report for clear error. *Hufft v. Tr. for Child Support Payments for State of Missouri*, No. 25-cv-057-JFH-SH, 2025 WL 2169989, at *3 (N.D. Okla. July 31, 2025) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).

1

Mr. Steiert's first challenge to the Report, that "the [ALJ's medical] opinion analysis does not allow a reviewing court to trace [the ALJ's] reasoning," does not allege any factual or legal error by Judge Steele. Dkt. 21 at 2-3. In fact, it makes no mention of the Report at all. *Id.* Mr. Steiert does not "put the district court on notice" or the basis to his objection to Judge Steele's Report, so this objection is waived. *Strepka*, 494 F. Supp. 2d at 1230.

2

Mr. Steiert's objection to the ALJ's articulation of her reasons for finding the medical opinion unpersuasive fares somewhat better. Mr. Steiert argues that the Report "cites evidence that does not address whether [Mr. Steiert] can accept instructions or learn tasks on a sustained basis," and "instead cit[es] examinations that go to [his] attentiveness and one examination that does not address how it is inconsistent with a finding that [he] would be unable to accept instructions and criticism half the time." Dkt. 21 at 3-4 (emphasis removed). Unlike his previous objection, this sentence "raise[s] [a] specific argument[] addressing purported errors in the recommendation." *Saleh*, 2020 WL 4915604, at *3. Specifically, Mr. Steiert argues the Report cites insufficient evidence for its finding that Ms. Mackey's medical opinion was unpersuasive. This objection has not been waived, and the Court will review it de novo.

3

Mr. Steiert's challenge to the ALJ's interaction limitations analysis also refers to the Report. But unlike in his previous objection, Mr. Steiert does not criticize Judge Steele's reasoning or set forth any legal or factual error in

No. 24-cv-326

the Report. Mr. Steiert alleges only that the ALJ's opinion was insufficient and "did not explain how [Mr. Steiert] can appropriately interact with supervisors [and] coworkers . . . for up to one third of the workday." Dkt. 21 at 5. Similarly, when Mr. Steiert argues that the ALJ committed a "Step Five" error by not properly identifying his functional limitations, he makes no reference to the Report. *Id.* at 7. Merely stating a disagreement with a Report does not "explain[] how the magistrate judge's recommendations conflict[] with governing law." *Wofford*, 570 F. App'x at 745. This objection has been waived.

4

The same is true for Mr. Steiert's arguments that the ALJ did not adequately articulate how she considered medical testimony about his ability to concentrate at work. Dkt. 21 at 8. This argument only mentions that "[a]lthough the [Report] notes the ALJ cited mental status findings that indicate 'historically' intact concentration, it also notes the ALJ discussed other evidence." *Id.* at 9. This sentence is insufficient to "explain[] how the magistrate judge's recommendations conflict[] with governing law" and "provide meaningful notice as to the particular factual or legal errors the magistrate judge allegedly committed." *Wofford*, 570 F. App'x at 745-46. This objection has been waived.

5

Mr. Steiert's last objection, that "the ALJ's subjective symptom analysis was improper," includes no discussion of or citation to Judge Steele's opinion. *Id.* at 9-10. This objection has been waived.

B

Mr. Steiert's only unwaived objection is that the Report and Recommendation "cites evidence that does not address whether [Mr. Steiert] can accept instructions or learn tasks on a sustained basis." *Id.* at 4. Rather, he alleges it cites to evidence about Mr. Steiert's "attentiveness" and evidence that is not "inconsistent with a finding that [Mr. Steiert] would be unable to

No. 24-cv-326

accept instructions and criticism half the time." *Id.* He objects that these citations do not support the Report's conclusion that the ALJ's "decision properly assessed the medical opinion's consistency." *Id.*

When conducting its de novo review of a properly raised objection, the Court considers whether the final decision of the Commissioner, by way of the ALJ, is supported by substantial evidence and if the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Hum. Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If both requirements are met, the Commissioner's decision will stand. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court must meticulously review the entire record in this process, but it must not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

Medical opinions are evaluated under 20 C.F.R. §§ 404.1520(c), 416.920(c), which require a court "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." *Id.* Rather, a court must evaluate medical opinions for "supportability," "consistency," "relationship with the claimant," "specialization," and any other factors that tend to support or contradict the opinion. *Id.* The first two factors are the most critical and require an in-depth review of the evidence. *Id.*

1

Mr. Steiert argues that the ALJ improperly discounted Ms. Mackey's June 28, 2023, medical opinion, which serves as the medical basis for Mr. Steiert's disability claim. Dkt. 10 at 4. He asserts that Judge Steele erred by considering insufficient evidence that focused on "attentiveness" rather than the ability to "accept instructions and criticism" and "learn tasks on a sustained basis." *Id.* The ALJ found the opinion "unpersuasive" because it was inconsistent with other reports by both Ms. Mackey and other medical

No. 24-cv-326

professionals. Dkt. 9-2 at 29. Judge Steele determined this finding was based on substantial evidence. Dkt. 20 at 9-10.

Ms. Mackey's June 28 opinion consists of a set of thirteen statements about Mr. Steiert's "understanding and memory," "attention and concentration," and "social interaction." Dkt. 9-19 at 129-130. For each statement, Ms. Mackey indicated that Mr. Steiert would not be able to spend a percentage of an eight-hour workday on tasks involving each category, such as "20%" for "maintain[ing] attention and concentration for extended periods in order to perform simple tasks." *Id*. Although there was space for Ms. Mackey to explain each of her determinations, she did not do so. *Id*.

Ms. Mackey produced more detailed reports both before and after her June 28 opinion. In the most recent report, dated September 25, 2023, Ms. Mackey marked boxes describing Mr. Steiert as "appropriately groomed[,] cleanly dressed[,] neat[,] cooperative[, and] casual" though she did not check the box for "interacted appropriately." *Id*. at 47. She further described Mr. Steiert's thought process as "Organized/Coherent" and his attention span and concentration as "adequate." *Id*. at 49-50. Ms. Mackey made substantially identical findings in her August 31 report, *id*. at 59-70, her August 3 report, *id*. at 73-86, and her July 6 report, *id*. at 87-100.

Ms. Mackey's two reports that predate her June 28 opinion are slightly different from her post-opinion reports. Her June 22 report does not include checked boxes for "cleanly dressed[,] neat[, or] cooperative." *Id*. at 103. The same is true for her June 8 report. *Id*. at 117. Both reports are otherwise substantially identical to her later reports in terms of their discussion of Mr. Steiert's condition and abilities.

Other medical professionals' reports prior to Ms. Mackey's June 28 opinion describe Mr. Steiert as "Adequately Dressed, Made eye contact, Sitting, Normal rate of speech," note his mood was "Depressed, Pleasant," and state his mind had a "normal thought process" and he "appears average IQ."

7

No. 24-cv-326

Dkt. 9-17 at 3, 16, 26; Dkt. 9-18 at 2, 5, 7, 20. Some of these reports also describe his amnesia, intrusive thoughts, and struggles with self-harm, Dkt. 9-18 at 2, 7, while others include conflicting statements that Mr. Steiert both reported and denied avoiding social situations and public places. Dkt. 9-17 at 10-11. Some reports from early 2023 note issues Mr. Steiert had with "disorganized thoughts, short-term memory, [and] lack of concentration." *Id.* at 7. Reports from 2022 indicate that Mr. Steiert reported progress in both self-advocacy and "develop[ing] a social support system." Dkt. 9-16 at 8.

2

The record shows sufficient evidence for the ALJ to find Ms. Mackey's opinion unpersuasive. Ms. Mackey provides no justification for any of her statements, including for her findings that Mr. Steiert would be unable to "remember locations and work-like procedures" or "understand and remember detailed instructions" around "40%" of the time. Dkt. 9-19 at 129-130. She likewise does not provide comments explaining her reasoning for findings that Mr. Steiert would be incapable of "maintain[ing] attention and concentration for extended periods . . . 50% or more" of the time. *Id.* In support of her findings, she lists only three of Mr. Steiert's diagnoses without explaining their connection to her conclusion that Mr. Steiert has specific limitations. *Id.*

There is also sufficient evidence for the ALJ to determine that Ms. Mackey's other reports are inconsistent with her opinion on Mr. Steiert's interaction limitations, as the reports Ms. Mackey completed both before and after her opinion indicate Mr. Steiert was well-groomed, compliant, organized, coherent, and attentive. *Id.* at 47, 49-50. The statements from other medical providers are similarly inconsistent with Ms. Mackey's opinion. Apart from a few early 2023 opinions where Mr. Steiert reported difficulty concentrating, medical records reflect that he has an "adequate" attention span and an "organized and coherent" thought process. Dkt. 9-17 at 3, 16, 26; Dkt. 9-2 at 23; Dkt. 9-19 at 47, 49-50. Considering the totality of the evidence,

No. 24-cv-326

including the lack of any significant analysis justifying Ms. Mackey's opinion and evidence of Mr. Steiert's capabilities as reported by both Ms. Mackey and other providers, there is sufficient evidence for an ALJ to find Ms. Mackey's opinion unpersuasive.

Mr. Steiert's argument that Judge Steele considered insufficient evidence in reviewing the ALJ's decision is not supported by a review of the record. Judge Steele considered multiple medical reports, including Ms. Mackey's, which consistently described Mr. Steiert's thought processes as normal, characterized him as having a normal IQ, and noted that he exhibited a pleasant and cooperative demeanor. Dkt. 20 at 6-13; Dkt. 9-17 at 3, 16, 26; Dkt. 9-18 at 2, 5, 7, 20; Dkt. 9-19 at 47, 49-50. Although there is no direct commentary on Mr. Steiert's ability to accept instructions or learn tasks, his normal IQ and pleasant and cooperative behavior is incongruous with a lack of these functions.

There is no evidence that Ms. Mackey performed any analysis of Mr. Steiert's ability to accept instructions or learn tasks on a sustained basis. Nor does any other medical report in the record establish Mr. Steiert's ability to perform those functions. Although Mr. Steiert argues that the Report "cites evidence that does not address whether [Mr. Steiert] can accept instructions or learn tasks on a sustained basis," the Report considers evidence that is inconsistent with Ms. Mackey's findings on Mr. Steiert's abilities to do so. Dkt. 21 at 4; Dkt. 20 at 8-10. The Court concludes that the ALJ's finding that Ms. Mackey's opinion was inconsistent and unpersuasive was based on substantial evidence and adopts the Report on the issue.

C

Although Mr. Steiert has waived his remaining claims, the Court will still review the Report for clear error. *See Sherman v. Liberty Mut. Ins. Co.*, No. 21-cv-00938-PAB-KLM, 2023 WL 559203, at *1 (D. Colo. Jan. 27, 2023) (finding "plaintiff has waived *de novo* review" and "review[ing] the

No. 24-cv-326

recommendation for clear error."); *see also Vilela v. Off. of Recovery Servs.*, No. 222CV00699DBBDBP, 2023 WL 2807249, at *3 (D. Utah Apr. 6, 2023) (holding "a court need only satisfy itself that there is no clear error on the face of the record in order to accept [a] recommendation."). "A final judgment must be dead wrong to constitute clear error." *Christina M. v. United Healthcare*, No. 1:22-cv-00136, 2025 WL 315888, at *2 (D. Utah Jan. 28, 2025) (alterations and quotation marks omitted).

Mr. Steiert's first objection is that the ALJ did not sufficiently explain her reasoning for finding Ms. Mackey's opinion unpersuasive. Dkt. 21 at 2-3. He points to 20 C.F.R. § 416.920c, which requires the ALJ to articulate "how [she] considered the medical opinions or prior administrative medical filings" from a given medical source based on the opinion's supportability, consistency, the provider's relationship with the claimant and specialization, and other relevant factors. *Id.*

The Report concludes that "[t]he ALJ thoroughly discussed [Ms.] Mackey's opinion and articulated the factors of supportability and consistency in determining that the opinion was unpersuasive" and notes that the ALJ considered the complete set of Ms. Mackey's opinion and reports in making her credibility determination. Dkt. 20 at 9-10. In making her determination, the ALJ considered Ms. Mackey's opinion, her other reports, and the reports of other medical professionals about Mr. Steiert's condition. Dkt. 9-2 at 22-23. The Court finds no clear error on the first objection.

Mr. Steiert's third and fourth objections, that the ALJ improperly analyzed Mr. Steiert's interaction limitations and that the ALJ's decision does not adequately articulate how the medical opinion is unpersuasive, are similar to the objection addressed in section II(B), *supra*. As Judge Steele noted, the ALJ analyzed various medical reports that were inconsistent with Ms. Mackey's findings. Dkt. 20 at 7. Ms. Mackey's own reports described Mr. Steiert as having a pleasant demeanor and being well-groomed, and her sole

No. 24-cv-326

opinion to the contrary gives no rationale for its conclusion that Mr. Steiert was substantially limited in his abilities. Dkt. 9-19 at 49-50, 129-130. Judge Steele concluded, and the Court agrees, that the ALJ appropriately analyzed the materials and found Ms. Mackey's opinion unpersuasive and the ALJ's review of Mr. Steiert's interaction limitations to be based on substantial evidence. Dkt. 20 at 7. The Court finds no clear error on either objection.

Mr. Steiert last objects that the ALJ's subjective symptom analysis was improper. He asserts that the ALJ did not identify any evidence of long-term improvement inconsistent with Ms. Mackey's finding that Mr. Steiert was limited in his ability to sustain attention and concentration. Dkt. 21 at 9-10. The Report discusses this argument and notes that "the evidence of record reflects periods where [Mr. Steiert] expressed feelings of improvement. Dkt. 20 at 11 n.7. The Report further recognizes that Mr. Steiert did "not substantively explain how the ALJ's description is inaccurate, other than by conveniently pointing to records that support [his] 'lows,'" nor did he explain "why the ALJ's description amounts to reversible error." *Id.* The ALJ found that the "longitudinal record shows that although the claimant had highs and lows with his treatment, he has overall shown improvement" based on an analysis of materials from 2022 and 2023. Dkt. 9-2 at 30-31. This is consistent with Ms. Mackey's report noting that Mr. Steiert has made further improvements after she rendered her medical opinion. *Compare* Dkt. 9-19 at 46-50, 59-70 *with id.* at 103, 115-28. The Court finds no clear error in Judge Steele's conclusion.

Finding no clear error, the Court adopts the Report and Recommendation.

### III

For the reasons set forth above, Mr. Steiert's objections are overruled. The Court adopts the Report and Recommendation.

No. 24-cv-326

DATED this 1st day of December 2025.

JOHN D. RUSSELL
*United States District Judge*